# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### 2015 MSPB 48

Docket No. DC-0752-15-0038-I-1

**Nicholas Jay Wilson,**

**Appellant,**

**v.**

**Department of the Navy,**

**Agency.**

August 5, 2015

Matthew August LeFande, Arlington, Virginia, for the appellant.

David B. Gattis, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal based on the revocation of his security clearance. For the reasons set forth below, we DENY the petition for review for failure to meet the Board's criteria for review. *See* 5 C.F.R. § 1201.115.

## BACKGROUND

¶2      Effective September 20, 2014, the agency removed the appellant from his position as a Resource Analyst, GS-14, based on the revocation of his security

clearance.[1]   Initial Appeal File (IAF), Tab 5 at 22-26.  The appellant filed an appeal with the Board regarding his removal and requested a hearing.  IAF, Tab 1.

¶3        On appeal, the appellant asserted that the agency's decision to revoke his security clearance violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) and that, therefore, its removal action also violated USERRA.[2]  IAF, Tab 11.  During a status conference, the administrative judge informed the parties that the Board lacks authority to consider claims of discrimination and reprisal in the context of an appeal from a removal based on the revocation of a security clearance.  IAF, Tab 9.  However, because the appellant asserted that the instant appeal is distinguishable from such cases, the administrative judge afforded the parties an opportunity to file briefs regarding this issue.  *Id.*  After considering the parties' submissions, the administrative judge issued an order ruling that she would neither allow discovery, nor hear any witnesses or evidence, as to the appellant's claim that the agency revoked his security clearance and removed him based on his military service.  IAF, Tab 13.

---

[1] Although employed by the Department of the Navy (Navy), because of the nature of the appellant's position involving nuclear material, decisions regarding his security clearance were made by the Department of Energy.  Initial Appeal File (IAF), Tab 5 at 141-46.

[2] The stated security concerns included that the appellant:  (1) knowingly introduced his personal firearm onto a United States Navy facility on multiple occasions, contrary to Navy regulations and specific directions he had received; (2) armed himself with his personal weapon while performing duties as a Metropolitan Police Department (MPD) reserve officer, contrary to regulations, on numerous occasions; and (3) made false statements and false time and attendance entries regarding his activities for his civilian employer, the Naval Reserve Unit, and the MPD, on numerous occasions.  IAF, Tab 5 at 141-46.  The appellant appears to assert that the security clearance revocation was based on his military service because many of these actions took place during the course of his performance of duties as a Naval Reservist.  *See* IAF, Tab 11 at 5.

¶4 Subsequently, after holding the requested hearing, the administrative judge issued an initial decision affirming the agency's removal action. IAF, Tab 33, Initial Decision (ID). She found that: (1) a security clearance was required for the appellant's position; (2) the appellant's security clearance was revoked; (3) proper procedures were followed in revoking the appellant's clearance, and the agency afforded him the procedural protections of 5 U.S.C. § 7513(b) in effectuating his removal; and (4) the agency was not required to transfer the appellant to a nonsensitive position.[3] ID at 4-11. She also found that the agency's removal action promoted the efficiency of the service.[4] ID at 11.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. In it, he argues that he should have "been permitted to introduce evidence as to the discriminatory nature of the revocation of his security clearance." *Id.* at 5. He also indicates that he is not making a "claim of a procedural failing in the security clearance revocation process." *Id.* at 10. Rather, he emphasizes, his claim is that "the revocation itself violates USERRA." *Id.* (emphasis in original).

¶6 Disputing the applicability of Board precedent, he contends that Congress intended for USERRA to be broadly construed, such that the Board is permitted to review the merits of the revocation of his security clearance insofar as that decision was impermissibly based on his military service. *Id.* at 7-16.

[3] The appellant does not challenge these findings in his petition for review, and we discern no basis for disturbing them on review.

[4] The appellant also alleged below that the revocation of his security clearance was designed to prevent him from competing for a GS-15 position and, therefore, constituted a prohibited personnel practice. IAF, Tab 1 at 6. The disposition of this claim is unclear from the record, though it seems that the administrative judge's January 6, 2015 order regarding affirmative defenses disposed of it. *See* IAF, Tab 13. The appellant does not raise any argument regarding this claim on review. However, to the extent that the January 6, 2015 order was not sufficiently explicit as to this claim, we note that the Board is precluded from reviewing this claim for the same reasons, discussed herein, that preclude it from reviewing his USERRA claim.

Accordingly, he asserts, the Supreme Court's decision in *Department of the Navy v. Egan*, 484 U.S. 518 (1988), which holds that the Board lacks authority to review the merits of a security clearance determination in an appeal from an action taken under 5 U.S.C. § 7513, is inapplicable to USERRA claims. *Id.* at 10, 13-14. He also cites *Staub v. Proctor Hospital*, 562 U.S. 411, 422 (2011), which holds that an employer is liable under USERRA if a supervisor performs an act motivated by antimilitary animus with the intention to cause an adverse employment action and that act is the proximate cause of the ultimate employment action. The appellant argues that because the agency revoked his security clearance based on his military service, and that revocation was the proximate cause of his removal, the Board must examine the merits of that revocation in order to determine whether his removal violated USERRA.[5] PFR File, Tab 1 at 11. The agency filed a response, to which the appellant replied. PFR File, Tabs 3-4.

## ANALYSIS

¶7    In *Egan*, the Supreme Court held that, unless Congress specifically provides otherwise, the Board lacks the authority to review adverse security clearance determinations. *Roach v. Department of the Army*, 82 M.S.P.R. 464, ¶¶ 50, 52 (1999); *see Egan*, 484 U.S. at 530. The Court found that 5 U.S.C. chapter 75 did not specifically grant the Board such authority. *Egan*, 484 U.S. at 530; *Roach*, 82 M.S.P.R. 464, ¶ 50. In finding that this statute did not confer such authority to the Board, the Court noted that a denial of a security clearance

---

[5] The appellant also states that the agency has failed to provide him with a "position of like seniority, status and pay at another Federal executive agency," in violation of 38 U.S.C. § 4313. PFR File, Tab 1 at 7. We presume that he is actually referring to 38 U.S.C. § 4314. This statutory provision has no applicability in the instant appeal. It relates to the Federal government's obligations when an employee returns to his civilian Federal position following a period of uniformed service, which is not the issue in this case.

is not an adverse action under chapter 75 and is not, by its own force, subject to Board review.  *See Egan*, 484 U.S. at 530; *see also* 5 U.S.C. § 7512.  It further found that, when an agency removes an employee for cause under 5 U.S.C. § 7513 based on the denial of a required security clearance, nothing in the Civil Service Reform Act of 1978 authorizes the Board to review the merits of the denial.  *Egan*, 484 U.S. at 530.

¶8      Here, the agency cited 5 C.F.R. Part 752, which implements chapter 75, subchapter II, as the authority for the appellant's removal.  IAF, Tab 5 at 22; *see* 5 U.S.C. § 7514.  Thus, *Egan* is clearly applicable here.  We simply do not have the authority to look behind the security clearance determination in this chapter 75 removal appeal.

¶9      We are not persuaded by the appellant's arguments to the contrary.  First, the Supreme Court in *Egan* drew no distinction between the merits and affirmative defenses in precluding Board review of security clearance determinations.  *See Pangarova v. Department of the Army*, 42 M.S.P.R. 319, 322-23 (1989) (citing *Egan*, 484 U.S. at 530-32).  The Board has thus interpreted *Egan* to preclude review of allegations of prohibited discrimination and reprisal when such affirmative defenses relate to the revocation of a security clearance.  *Pangarova*, 42 M.S.P.R. at 322.  Our reviewing court also has taken this approach.  *See, e.g.*, *Adams v. Department of Defense*, 688 F.3d 1330, 1334 (Fed. Cir. 2012) (stating that neither the Federal Circuit, nor the Board, has authority to review a charge that retaliation and discrimination were the reasons for revocation of a security clearance).

¶10     In addition, USERRA does not authorize the Board to review security clearance determinations.  *See generally* 38 U.S.C. chapter 43; *see also Egan*, 484 U.S. at 530.  The appellant asserts that USERRA contains such authorization because it states that the Board "shall adjudicate any complaint" brought before it under USERRA.  PFR File, Tab 1 at 10; *see* 38 U.S.C. § 4324(c)(1).  This, however, is not an explicit authorization.  *See Hesse v. Department of*

*State*, [217 F.3d 1372](), 1378 (Fed. Cir. 2000) (finding that a "catch-all clause" in [5 U.S.C. § 2302]() does not constitute a specific statement of congressional intent to allow Board review of security clearance determinations in the context of a whistleblower retaliation claim); *Roach*, [82 M.S.P.R. 464](), ¶ 52 (finding authority lacking to review security clearance determinations absent a specific unmistakable expression of congressional intent to confer such authority).

¶11     Based on the foregoing, we lack the authority to consider the appellant's USERRA claim relating to the revocation of his security clearance as an affirmative defense raised in the context of his chapter 75 removal appeal and we also lack jurisdiction over the claim as a separate appeal. *See Roach*, [82 M.S.P.R. 464](), ¶ 48 (holding that the Board lacked jurisdiction over the appellant's claim relating to the suspension of his security clearance as either an individual right of action appeal or a whistleblowing retaliation affirmative defense in a chapter 75 appeal). Accordingly, we DENY the appellant's petition for review. We find no error in the administrative judge's decision to preclude the appellant from taking discovery and introducing evidence regarding the merits of the revocation of his security clearance. The initial decision, therefore, is affirmed.

## ORDER

¶12     This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) ([5 C.F.R. § 1201.113]()(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.