**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

THERESA BARACKER,
                Appellant,

       v.

DEPARTMENT OF THE INTERIOR,
                Agency.

DOCKET NUMBER
DE-0752-21-0158-I-1

DATE: February 2, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Jeffrey A. Dahl, Esquire, Albuquerque, New Mexico, for the appellant.

Benjamin Fischer, Lakewood, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Denver Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      The appellant alleged in her appeal that the agency improperly denied her participation in its Voluntary Early Retirement Authority (VERA) program, and that the denial resulted in her involuntary resignation. Initial Appeal File (IAF), Tab 6 at 4, 9. Specifically, according to the appellant, the agency misled her regarding her eligibility to participate in the early retirement program and that the denial of her eligibility was the culmination of harassment and abuse motivated by a confrontation her husband had with one of her supervisors several years earlier when her husband worked with the supervisor. *Id.* at 4-5. The appellant explained that the agency had offered various employees, including her, a voluntary early retirement, but ultimately denied her participation on the grounds that she was an essential employee. *Id.* at 12. She alleged that the agency had engaged in preferential treatment in deciding which employees could participate in the early retirement program. *Id.* After the agency denied her participation in the early retirement program, the appellant resigned, and this appeal followed. IAF, Tab 1 at 6, 10.

¶3      The administrative judge gave the appellant notice of the elements and burdens she must meet to be entitled to a hearing on an involuntary retirement or resignation claim. IAF, Tab 3. Both parties responded on the jurisdictional issue and the agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tabs 6-7, 13. Without holding the appellant's requested hearing, the administrative judge issued an initial decision finding that the appellant failed to make a nonfrivolous allegation sufficient to overcome the presumption that her resignation was voluntary, and he dismissed the appeal for lack of jurisdiction. IAF, Tab 14, Initial Decision (ID) at 5.

¶4     In her petition for review, the appellant argues that her resignation was the result of the agency's improper denial of her participation in its VERA program and that the agency treated her unfairly regarding her eligibility for the program. Petition for Review (PFR) File, Tab 1 at 5-8.  She also contends that the administrative judge improperly weighed the evidence to conclude that she did not reasonably rely on the agency's early retirement offer.  *Id.* at 8-10.  The agency has filed a response to the appellant's petition for review.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5     An involuntary retirement or resignation is tantamount to a removal, and, as such, is appealable to the Board.  *Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 7 (2009).  To overcome the presumption of voluntariness, an appellant must show that the retirement or resignation resulted from agency coercion, deception, or misinformation.  *Id.*, ¶ 8.  Where, as here, there is a claim that an involuntary action resulted from misinformation, an appellant must show: (1) that the agency made misleading statements; and (2) that the appellant reasonably relied on the misinformation to her detriment.  *Id.* (citing *Scharf v. Department of the Air Force*, 710 F.2d 1572, 1574-75 (Fed. Cir. 1983)).  An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an allegedly involuntary resignation or retirement only if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985).  Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

¶6     In the initial decision dismissing the appeal because the appellant failed to make a nonfrivolous allegation that her resignation was involuntary, the administrative judge stated that he was relying "exclusively on the appellant's contentions."  ID at 2 n.3.  On review, the appellant argues that the administrative

judge improperly considered the agency's evidence in determining that its offer of early retirement was conditional, and not a promise on which the appellant could reasonably rely. PFR File, Tab 1 at 8-10. In *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) cautioned that, when evaluating Board jurisdiction, the Board may not deny jurisdiction by crediting the agency's interpretation of the evidence. However, the Board need not consider the appellant's allegations "in a vacuum," and may consider sources such as matters incorporated by reference or integral to the claim. *Id.* at 1369 n.5. In his analysis, citing the appellant's sworn allegations, the administrative judge found that the appellant failed to make a nonfrivolous allegation of a broken promise or a reasonable reliance on a promise made by the agency. ID at 3-4. In doing so, he specifically noted that the appellant disputed the agency's determination that she was an essential employee. ID at 3. In her sworn statement, the appellant claimed that she was not identified as an essential employee on the agency's Continuity of Operations plan, but her supervisor was, and the agency nevertheless allowed her supervisor to participate in the VERA program. IAF, Tab 6 at 12. Thus, the initial decision shows that the administrative judge made his decision based on the appellant's sworn allegations, not the agency's evidence.

¶7      As indicated above, an appellant may rebut the presumption of voluntariness by presenting sufficient evidence to show that her resignation was based on agency-supplied misinformation. In *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 26 (2008), for example, the Board found that the appellant made a nonfrivolous allegation that he resigned due to agency misinformation when an agency human resources specialist told Mr. Baldwin that, if he resigned before his removal became effective, "he could still obtain a full retirement annuity, provided that he later complete[d] the relevant annuity application paperwork." *Baldwin*, 109 M.S.P.R. 392, ¶¶ 27-28. Nevertheless, the

agency crossed out the word retirement on the Standard Form 52 submitted by Mr. Baldwin, wrote in resignation, and processed his request as a resignation as he was not yet eligible for immediate retirement. *Id.*, ¶¶ 9, 30.

¶8    However, in this matter, unlike the appellant in *Baldwin*, the appellant did not resign due to reliance on agency misinformation concerning her eligibility for the VERA program because she resigned <u>after</u> the agency told her she would not be eligible for the program. Therefore, she did not rely on an agency assertion that she was eligible to retire, as the appellant in *Baldwin* had. Stated differently, even if the appellant was misled, she fails to show that she relied on any misinformation to her detriment. *Aldridge*, 111 M.S.P.R. 670, ¶ 8. She did not resign in reliance on the agency's initial offer of VERA participation as it had been withdrawn by the time of her resignation. The appellant may have been discouraged or aggrieved about her treatment by the agency concerning the VERA program, and the agency's decision concerning the VERA program may well be incorrect,[2] but it has no connection to her decision to resign.

¶9    In her response to the administrative judge's jurisdictional order, the appellant also claimed that she resigned due to a pattern of harassment by her second-level supervisor that she blamed on a confrontation between the appellant's husband and her second-level supervisor. IAF, Tab 6 at 4. However, the administrative judge did not address the claim in the initial decision and the appellant does not raise it on review. Instead, she reiterates her argument that her second-level supervisor admitted that he had the ability to offer an early retirement to the appellant, but decided, without explanation, not to do so. PFR File, Tab 1 at 7; IAF, Tab 6 at 4. While this may not be fair, it does not rebut the presumption of voluntariness. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) ("Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so

---

[2] We make no assertion concerning the merits of the appellant VERA claim.

intolerable as to compel a reasonable person to resign"); *see Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 13 (2010) (finding, among other things, that a refusal to grant an educational waiver to allow the employee to apply for certain vacancies did not create intolerable working conditions).

¶10 As explained below, however, the appellant may challenge the agency's VERA program denial in an appeal before the Board. Thus, we must remand the appeal for the administrative judge to hear the appellant's challenge.

The Board has jurisdiction over the appellant's appeal of the agency's decision to deny her participation in VERA.

¶11 The administrative judge only addressed the appellant's involuntary resignation claim. *See* ID. As noted, however, the appellant also argued below that she was improperly denied participation in the agency's early retirement program and she reiterates this argument on review. PFR File, Tab 1 at 5-7.

¶12 In *Adams v. Department of Defense*, 688 F.3d 1330, 1334-36 (Fed. Cir. 2012), the Federal Circuit affirmed the Board's decision sustaining the appellant's removal based on the revocation of his security clearance but disagreed with the Board's decision that it lacked jurisdiction to review the employing agency's denial of his request to participate in the agency's voluntary early retirement program. The court reasoned that the voluntary early retirement benefit is part of the Federal Employees' Retirement System (FERS) under which Mr. Adams was covered and the Board has jurisdiction over decisions that affect an individual's rights or interests under FERS. *Id.* at 1335; *see* 5 U.S.C. §§ 8414, 8461(e)(1). In *Dawson v. Department of Agriculture*, 121 M.S.P.R. 495, ¶ 16 (2014), the Board extended the court's holding in *Adams* to individuals in the Civil Service Retirement System. The Board also clarified that an employee is not required to obtain a reconsideration decision from the Office of Personnel Management prior to filing a Board appeal of an agency decision. *Id.*, ¶ 17.

¶13 The appellant here made a nonfrivolous allegation that the agency denied her eligibility for the VERA program by engaging in preferential treatment in

deciding which employees could participate in the program.  IAF, Tab 6 at 12. The agency's denial significantly affected the appellant's rights or interests under FERS, 5 U.S.C. § 8461(e)(1), and thus is an appealable "administrative action" within the Board's jurisdiction, *Adams*, 688 F.3d at 1335-36; *Dawson*, 121 M.S.P.R. 495, ¶¶ 16-17.  The agency argued below that the appellant failed to argue or allege that she applied for an early retirement under the agency's VERA program, but the appellant appears to argue that this was due to the agency's improper decision concerning her eligibility.  IAF, Tab 7 at 8, Tab 13 at 5 n.1.  If the administrative judge determines that the appellant did not submit an application for the agency's VERA program, he should examine whether the agency's conduct in determining that the appellant was not eligible for VERA program justifies the waiver of any pertinent filing deadline for such benefits. *See Dawson*, 129 M.S.P.R. 495, ¶¶ 19-22 (denying relief because the agency's alleged misconduct did not justify waiver of the filing deadline for VERA benefits).

¶14      On remand, the administrative judge shall afford the parties an opportunity to submit evidence and argument on the issues set forth in this Remand Order, and adjudicate the merits of the appellant's appeal, as set forth above.

## ORDER

¶15      For the reasons discussed above, we REMAND this case to the Denver Field Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    /s/ for
                                _____
                                Jennifer Everling
                                Acting Clerk of the Board
Washington, D.C.