**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WILFREDO ROMERO, | DOCKET NUMBER |
| Appellant, | AT-0841-21-0628-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: May 23, 2023 |
| MANAGEMENT, | |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Wilfredo Romero</u>, Lake Mary, Florida, pro se.

<u>Alison Pastor</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

# FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the Office of Personnel Management (OPM)'s calculation of his Federal Employees' Retirement System (FERS) retirement annuity for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). However, we FORWARD the appellant's involuntary retirement claim to the Atlanta Regional Office for docketing as a new appeal naming the appellant's former employing agency, the Department of Veterans Affairs (DVA), as the responding agency.

# BACKGROUND

¶2 The appellant filed a Board appeal, alleging that DVA and OPM miscalculated his FERS retirement annuity following his September 29, 2018 retirement. Initial Appeal File (IAF), Tab 1 at 5, 22. He checked the box on his initial appeal form indicating that he was appealing an involuntary retirement and listed the DVA as the agency that made the decision he was appealing. *Id*. at 1, 3. The administrative judge docketed the appeal with OPM as the responding

agency, explaining in the initial decision that he did so because OPM "has sole authority and responsibility for adjudicating retirement claims." IAF, Tab 2, Tab 15, Initial Decision (ID) at 4.

¶3	OPM moved to dismiss the appeal on the basis that it had not issued a final decision. IAF, Tab 9 at 5-6. The administrative judge issued an order informing the appellant that the Board has jurisdiction over appeals affecting an individual's retirement rights only after OPM has issued a final decision and directed him to show cause why his appeal should not be dismissed for lack of jurisdiction. IAF, Tab 10. In his response, the appellant noted that he had filed his appeal against DVA, not OPM, and argued that both agencies committed harmful error. IAF, Tab 11 at 4.

¶4	Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction because OPM had not issued a final decision. ID at 1, 5-6. He found that OPM expressed intent to issue a final decision and appeared open to adjusting the appellant's retirement annuity. ID at 5-6. He further found that the Board has no authority to consider the appellant's claim of harmful error in the absence of an otherwise appealable action. ID at 6.

¶5	The appellant has filed a petition for review of the initial decision.[3] Petition for Review (PFR) File, Tab 1. OPM has filed a response, PFR File, Tab 4, to which the appellant has replied, PFR File, Tab 5.

---

[3] The appellant provides excerpts from the CSRS and FERS Handbook concerning Individual Retirement Records and Registers of Separations and Transfers, his FERS Benefit Estimate Report and retirement records, OPM's June 26, 2020 letter and proof of its postmark date, and documents pertaining to his purchase of a P.O. Box in Lake Mary, Florida in June 2021. PFR File, Tab 1 at 9-140, Tab 5 at 10-13. These documents fail to show that OPM took an action which adversely affected the appellant's rights or interests under FERS and, accordingly, are not material to the outcome of the appeal. *See Russo v. Veterans Administration,* 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different

## ANALYSIS

<u>To the extent the appellant contends that OPM and/or DVA made a decision affecting his rights or interests under FERS, the Board lacks jurisdiction over the claim.</u>

¶6     The Board has jurisdiction over an administrative action or order affecting an individual's rights or interests under FERS. 5 U.S.C. § 8461(e). Generally, that requires a final decision by OPM, which is the agency that administers FERS. *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014); *Johnson v. Office of Personnel Management*, 97 M.S.P.R. 193, ¶ 5 (2004); 5 C.F.R. § 841.308. The Board also has jurisdiction over an individual's employing agency's decision affecting his rights or interests under FERS. *Adams v. Department of Defense*, 688 F.3d 1330, 1335 (Fed. Cir. 2012).

¶7     Here, OPM did not issue a final decision on the appellant's claim but indicated that it intended to review his case and issue a decision after the dismissal of this appeal. IAF, Tab 9 at 4. The administrative judge relied on OPM's assertions in finding that the Board lacks jurisdiction over the appeal. ID at 5. We discern no error in that regard.

¶8     The appellant argues that the Board has jurisdiction over his appeal because DVA provided him estimated retirement benefits information that was subsequently contradicted by OPM. PFR File, Tab 1 at 7-8. However, the appellant does not point to an administrative action or order by DVA affecting his rights or interests under FERS. Although the appellant received from DVA a FERS Benefit Estimate Report, which he attached to his initial appeal, its very title reflects that it was an estimate and it contains language stating that the amounts shown were estimates and not intended to represents actual amounts.

from that of the initial decision). In addition, most of the documents are already part of the record and, therefore, are not new. IAF, Tabs 1, 5; *see Meier v. Department of the Interior,* 3 M.S.P.R. 247, 256 (1980) (stating that evidence that is already a part of the record is not new). Thus, we find that the appellant's evidence does not provide a basis to disturb the initial decision.

IAF, Tab 1 at 23-27. The Report further states that OPM has the sole authority and responsibility for adjudicating retirement matters. *Id*. at 24. Thus, we find no basis for Board jurisdiction over a DVA administrative action or order affecting the appellant's rights or interests under FERS. Accordingly, we deny the petition for review and affirm the initial decision.

The appellant's claim that DVA provided misinformation regarding his length of Federal service resulting in an involuntary retirement must be forwarded to the regional office for docketing as a separate appeal against DVA.

¶9      An employee-initiated action, such as a retirement, is presumed to be voluntary and, thus, outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary retirement, however, is tantamount to a removal and, therefore, is within the Board's jurisdiction. *Id.* A retirement is involuntary if the employing agency made misleading statements upon which an employee reasonably relied to his detriment. *Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 8 (2009); *Barnett v. U.S. Postal Service*, 59 M.S.P.R. 125, 129 (1993). The appellant need not show that the agency was intentionally misleading. *Aldridge*, 111 M.S.P.R. 670, ¶ 8.

¶10      Below, the appellant indicated that he was appealing his involuntary retirement. IAF, Tab 1 at 3. He asserted that DVA had advised him that he had 20 years, 1 month, and 2 days of service but that, after he retired, OPM informed him that he had only 19 years and 6 months of service, resulting in his monthly benefit being reduced by approximately $300-$400. *Id*. at 5. Despite the appellant raising the matter, the administrative judge did not address the involuntary retirement claim. On review, the appellant reiterates his claim that his retirement was based on misinformation from DVA. PFR File, Tab 1 at 6-7. Accordingly, we must forward this matter to the regional office for the administrative judge to docket an involuntary retirement appeal with DVA as the

responding agency. *See Oden v. Office of Personnel Management*, [58 M.S.P.R. 249](#), 252 (1993).

¶11    After docketing the appeal, the administrative judge shall inform the appellant of the elements of proof of an involuntary retirement appeal and what he needs to allege to be entitled to a jurisdictional hearing. *Burgess v. Merit Systems Protection Board*, [758 F.2d 641](#), 643-44 (Fed. Cir. 1985) (stating that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). The administrative judge shall afford the parties a reasonable opportunity to submit evidence and argument regarding those issues. If the administrative judge finds that the appellant has raised a nonfrivolous allegation that his appeal is within the Board's jurisdiction, he shall afford the appellant his requested hearing.[4]

¶12    This is the final decision of the Board regarding the appellant's appeal of a decision regarding his rights or interests under FERS.[5] The appellant's claim of an involuntary retirement based on misinformation provided by DVA is forwarded to the Atlanta Regional Office for docketing as a new appeal.

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. [5 U.S.C. § 7703](#)(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[4] The administrative judge should also afford the parties the opportunity to submit evidence and argument regarding the timeliness of the September 20, 2021 appeal of the alleged involuntary retirement and if good cause exists for any filing delay. In making this determination, the administrative judge should be mindful of the possible lack of notice of appeal rights regarding the allegedly involuntary retirement.

[5] If the appellant is dissatisfied with any subsequent decision regarding his rights or interests under FERS, he may appeal a final decision to the Board. *See* [5 U.S.C. § 8461](#)(e)(1), [5 C.F.R. § 841.308](#). Any future appeal must be filed within the time limits set forth in the Board's regulations. *See* [5 C.F.R. § 1201.22](#)(b)(1).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on

review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.