# United States Court of Appeals for the Federal Circuit

---

**CHARLES DERECK ADAMS,**
*Petitioner,*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent.*

---

2011-3124

---

Petition for review of the Merit Systems Protection Board in consolidated Case Nos. DC3443100711-I-1 and DC0752100741-I-1.

---

Decided: August 10, 2012

---

CHARLES D. ADAMS, of Herndon, Virginia, pro se.

JOSEPH A. PIXLEY, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and PATRICIA M. MCCARTHY, Assistant Director.

---

Before RADER, *Chief Judge*, NEWMAN, and DYK, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

Mr. Charles Dereck Adams appeals the decision of the Merit Systems Protection Board ("MSPB" or "Board"), holding that the Board did not have jurisdiction to review the termination of his employment by the Department of Defense ("Department" or "DoD"), and the Department's denial of his request for voluntary early retirement. The Board held that, because he was terminated based on revocation of his security clearance, Board review was limited to whether he received minimal due process on the security issues from the terminating agency. The Board also held that, since it did not have jurisdiction to review the merits of his termination, the Board did not have jurisdiction to review the denial by the Department of Defense of his request for early retirement under the Voluntary Early Retirement Authority (VERA), 5 U.S.C. §9902(f). We affirm the Board's ruling as to the security clearance procedures, and reverse the Board's ruling concerning its authority to review the denial of his retirement request.

## BACKGROUND

Mr. Adams was employed as an Information Technology Specialist with the Missile Defense Agency of the Department of Defense. The Information Technology Specialist position is designated Special Sensitive and requires the employee to maintain a Top Secret security clearance with access to Sensitive Compartmented Information. By letter dated April 2, 2009, the Defense Intelligence Agency notified Mr. Adams that it had suspended his access to Sensitive Compartmented Information and had made a preliminary determination to revoke his security clearance. The reasons

stated in the letter were violations of agency security regulations.

By letter dated May 13, 2009, the Missile Defense Agency notified Mr. Adams that he would be suspended from his position indefinitely without pay because of the suspension of his access to Sensitive Compartmented Information. After considering Mr. Adams' written reply, the Missile Defense Agency found that the suspension was supported by a preponderance of the evidence and warranted Mr. Adams' indefinite suspension from his position, effective June 15, 2009. Mr. Adams appealed to the MSPB, and the MSPB sustained the agency's action on the ground that the procedural standards of minimal due process for security revocation had been met.

On appeal this court affirmed. *Adams v. Dep't of Defense*, 371 Fed. App'x 93 (Fed. Cir. April 13, 2010) (*Adams I*). The court held that the agency had afforded Mr. Adams the required minimal procedural protections, recognizing that review of security issues by the MSPB and the Federal Circuit is limited to review of the agency's procedures and applying the Court's ruling in *Department of the Navy v. Egan*, 484 U.S. 518, 529 (1988), that "protection of classified information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it." In *Egan* the Court held that review of an agency's decision related to security clearance is limited to determining whether minimal due process protections were provided, *id.* at 531, and that the grant or revocation of a security clearance "is committed by law to the appropriate agency of the executive branch," *id.* at 527.

Mr. Adams argued in *Adams I* that the imposition of indefinite suspension without pay was improper, and that he

should have been placed in a different position that did not require access to sensitive and classified information. The MSPB held, and this court affirmed, that "an employee is not entitled to a transfer to a nonsensitive position absent a separate transfer right arising from some source other than §7513." *Adams I*, 371 Fed. App'x at 96. The court applied *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1581 (Fed. Cir. 1989) which held that "[s]ection 7513 contains no obligation to transfer to a nonsensitive position if possible." The government stated and a premise of *Adams I* was that all Missile Defense Agency positions require an active security clearance with access to classified information, and that the agency has no policy or regulation requiring it to transfer to a nonsensitive position an employee whose security clearance had been suspended. As a result, Mr. Adams remained on indefinite suspension without pay pending completion of the agency appeals process.

On April 14, 2010 the Defense Intelligence Security Appeals Board (DISAB) announced its decision of the security appeal, adverse to Mr. Adams. The decision by the DISAB was the final agency review of Mr. Adams' access to classified information. The Missile Defense Agency then served Mr. Adams with a Notice of Proposed Removal from employment. The Notice informed Mr. Adams of his right to reply and submit evidence, and his right to representation by an attorney or other representative. Mr. Adams replied, challenging the proposed removal as being discriminatory, unfair, and not in good faith. Mr. Adams described his many positive contributions to the agency, and the adverse impact his removal would have on his family. The agency reviewed the information, and issued its final decision to remove Mr. Adams because of his inability to perform the duties of his position due to the revocation of his access to classified information. Mr. Adams again appealed to the MSPB.

In view of his possible removal, Mr. Adams had submitted an application for voluntary early retirement pursuant to the VERA. The Defense Logistics Agency, which acts as the Department of Defense's human resources office for the Missile Defense Agency, denied the application. Mr. Adams appealed this denial to the MSPB.

The MSPB held that it did not have jurisdiction to review the merits of Mr. Adams' request for voluntary early retirement because it was not raised in connection with an otherwise appealable action, and the Board is not permitted to evaluate the substantive merits of the agency's decision to remove an employee for failure to maintain a required security clearance. This appeal followed.

DISCUSSION

Rulings of the MSPB are reviewed to determine whether they are arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. §7703(c). Jurisdictional rulings and statutory and legislative interpretations are reviewed for correctness.

I. Termination of Employment

The termination of Mr. Adams' employment with the Missile Defense Agency resulted from the decision of the DISAB to revoke his security clearance, which issued after this court's decision in *Adams I*. Mr. Adams argues that his removal was improper because it was based on retaliation by his supervisor and age and racial discrimination. Mr. Adams states that the MPSB erred by limiting its review to security clearance procedural aspects, and that "the statutes require justice be served by considering the underlying

causes and motivations for performing the acts . . . and not just following procedures." Adams Br. 2.

In *Egan* the Court established that MSPB review of an agency's denial or revocation of a security clearance is limited to determining whether the agency provided minimal due process protection. 484 U.S. at 529–31; *see Hesse v. Dep't of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000) ("[T]he Board may determine whether a security clearance was denied, whether the security clearance was a requirement of the appellant's position, and whether the procedures set forth in section 7513 were followed, but the Board may not examine the underlying merits of the security clearance determination."). Precedent has elaborated that these minimal procedural protections require: (1) at least thirty days' advance written notice stating the reasons for the proposed action; (2) a reasonable time to answer orally and in writing and the right to furnish affidavits and other documentary evidence in support of the answer; (3) the opportunity to be represented; and (4) a written decision and the reasons therefor. *Drumheller v. Dep't of the Army*, 49 F.3d 1566, 1571 (Fed. Cir. 1995).

We discern no violation of procedural due process. It is not disputed that a security clearance is required for Mr. Adams' position, that he was notified of the reason for its revocation, and that he had the opportunity to respond. Those are the limits of our review; neither this court nor the MSPB has authority to review the charge that retaliation and discrimination were the reasons for revocation of the security clearance. *See Cheney v. Dep't of Justice*, 479 F.3d 1343, 1352 (Fed. Cir. 2007) ("Neither the Board nor this court may review the underlying merits of an agency's decision to suspend a security clearance."). Thus it was not legal error for the agency to terminate Mr. Adams' employment when he no longer possessed the requisite security

status.  *See Robinson v. Dep't of Homeland Sec.*, 498 F.3d 1361, 1365 (Fed. Cir. 2007) ("[I]n an adverse employment action, such as removal, based on failure to maintain the security clearance required by the job description, the absence of a properly authorized security clearance is fatal to the job entitlement.").  The MSPB's decision sustaining the agency's removal action is affirmed.

## II.  Retirement Appeal

The MSPB held that, because it did not have authority to review the merits of the agency's revocation of Mr. Adams' security clearance, it did not have jurisdiction to review the agency's denial of his request for early retirement under the VERA.  The Board stated that "a prohibited personnel practice claim may be considered by the Board only if it is raised in connection with an otherwise appealable action," and that since the agency's security clearance-based actions cannot be appealed, neither can the agency's denial of the request for early retirement.  However, the Board misstates the premises, for security clearance-based actions can indeed be appealed, albeit on the limited basis of whether the minimal due process requirements of *Egan* were met; the merits of the security clearance-based action are not reviewable because of the uniquely personal and subjective components of security evaluations.  The limited appeal of agency security clearance-based actions does not remove federal employees from all other employment rights and benefits.

No statute or policy suggests that retirement issues are removed from appellate review when the retirement relates to revocation of a security clearance.  We discern no basis for removing actions related to retirement from sensitive positions from the general system of MSPB review of adverse employment actions, without specific legislative

instruction.  *Cf. Webster v. Doe*, 486 U.S. 592, 603 (1988) ("[W]here Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear.").

In the initial briefing of this case, the government argued that the Board acted correctly in denying its own jurisdiction, government counsel stating that the government is "unaware" of "any law, rule or regulation that provides the Board with jurisdiction over an agency's decision not to grant an employee's request for retirement incentives such as early retirement under VERA." Gov't Br. 11.  On supplemental briefing at the court's request, the government discarded this position and now states that "the MSPB conceivably could have jurisdiction to entertain Mr. Adam's VERA claim. . . ."  Govt. Supp. Br. 5–6.

We agree that the federal employment statutes require this conclusion.  5 U.S.C. §7701(a) provides for appeal to the MSPB "from any action which is appealable to the Board under any law, rule, or regulation."  MSPB jurisdiction is summarized at 5 C.F.R. §1201.3, where subsection (a)(6) authorizes the MSPB to review adverse retirement decisions under 5 U.S.C. §8461, the Federal Employees Retirement System by which Mr. Adams is covered.  The voluntary early retirement benefit is part of the Federal Employees Retirement System pursuant to 5 U.S.C. §8414.  Pursuant to §8461(e)(1), "an administrative action or order affecting the rights or interests of an individual or of the United States under the provisions of this chapter [chapter 84] administered by the Office [of Personnel Management] may be appealed to the Merit Systems Protection Board."  Congress authorized the Department of Defense to decide VERA benefits, and 5 U.S.C. §9902(f)(4) states that "[a]n employee who is at least 50 years of age and has completed 20 year of service, or has at least 25 years of service, may, pursuant to regulations promulgated under this section, apply and be

retired from the Department of Defense and receive benefits in accordance with chapter 83 and 84. . . ."

Mr. Adams states, and the government does not dispute, that he is within the scope of possible voluntary early retirement, that he properly filed a claim for early retirement, that he meets the statutory requirements based on his age and employment term, and that his claim was denied by the DoD. The denial significantly affects Mr. Adams' "rights or interests" under § 8461 of the Federal Employees' Retirement System, and thus may be an appealable "administrative action" within the Board's jurisdiction. Since the MSPB incorrectly determined that no statutory provision provided an appeal to the MSPB with respect to the denial of early retirement benefits, we remand to the Board for further proceedings.

The government now states that Mr. Adams is barred from appealing to the MSPB because he failed to appeal the DoD denial to OPM. We take note that OPM is charged with administering claims under chapter 83, and chapter 84 relating to the Federal Employees Retirement System (FERS). *See* 5 U.S.C. § 8461; *see also* 5 U.S.C. § 8414(b)(1)(B)(iv) and (v). We do not decide, however, whether Mr. Adams was required first to appeal to OPM, an issue to be addressed on remand.

CONCLUSION

We affirm the MSPB's ruling with respect to the removal action based on revocation of Mr. Adams' security clearance. However, the appeal of an adverse VERA ruling is within MSPB jurisdiction, for it is "an administrative action or order affecting the rights or interests of an individual or of the United States." 5 U.S.C. §8461(e) (FERS); 5 U.S.C. §8347(d)(1) (CSRS). The DoD's retirement decision

is reviewable by the MSPB, independent of the revocation of Mr. Adams' security clearance. We reverse the MSPB's ruling that it does not have jurisdiction of the VERA claim, and remand for further proceedings as to that claim.

Each party shall bear its costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**