# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RAMI S. AUDI,

      Appellant,

      v.

DEPARTMENT OF DEFENSE,

      Agency.

DOCKET NUMBER
PH-0752-20-0350-I-1

DATE: April 1, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rami S. Audi</u>, Paramus, New Jersey, pro se.

<u>Clifford J. Allen</u>, Garden City, New York, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the appellant's indefinite suspension based on the suspension of his access to classified information. On petition for review the appellant argues, among other things, that his indefinite suspension was improper because he should have been allowed to continue to work or kept on administrative leave, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

agency committed harmful error by violating its procedures, the administrative judge was biased against him, and the testimony of agency witnesses was inaccurate. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant makes several arguments on review for the first time which he could have made on appeal. Because he fails to show that these arguments are based on new and material evidence not previously available despite his due diligence, we need not consider them. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). However, even if we were to consider them, they would fail to show error by the administrative judge. To the extent the appellant contests the agency's decision to suspend his access to classified information, Petition for Review (PFR) File, Tab 4 at 10, the Board lacks authority to review the merits of such a decision. *Palafox v. Department of the Navy*, 124 M.S.P.R. 54, ¶ 8 (2016). To the extent the appellant argues that he should have been kept at work or on administrative leave, PFR File, Tab 4 at 11-12, we have previously

held that ordering an employee's restoration to duty or to paid administrative leave before an agency reinstates his access to classified information intrudes upon an agency's authority to regulate and manage employees' access to classified information. *Ryan v. Department of Homeland Security*, 121 M.S.P.R. 460, ¶ 15 (2014), *overruled on other grounds by Freeze v. Department of the Navy*, 122 M.S.P.R. 179 (2015). Further, the U.S. Court of Appeals for the Federal Circuit has held that the Board lacks authority to inquire into the feasibility of transferring an employee whose security clearance had been denied to an alternative position absent a policy requiring such transfers. *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580-81 (Fed. Cir. 1989). Because no policy required the appellant's reassignment, *see* Initial Appeal File (IAF), Tab 32 at 5, we may not review whether the appellant should have been reassigned instead of subjected to an adverse action.

¶3      The appellant makes new harmful error arguments, PFR File, Tab 4 at 12, 18-19, but these fail to identify any violation of agency procedures and therefore lack merit. *See Hylick v. Department of the Air Force*, 85 M.S.P.R. 145, ¶ 13 (2000) (reversing an administrative judge's finding of harmful error when the employee did not prove that the agency violated a law, rule, or regulation). The appellant notes his inability to obtain documents referenced in the Statement of Reasons (SOR) for the preliminary revocation of his eligibility for access to classified information, PFR File, Tab 4 at 15, but he had no due process rights with respect to the procedures used to preliminarily revoke his access eligibility, and therefore had no right to receive the evidence underlying the SOR prior to his indefinite suspension. *Gargiulo v. Department of Homeland Security*, 727 F.3d 1181, 1185 (Fed. Cir. 2013). Finally, to the extent the appellant suggests his indefinite suspension constituted age discrimination, PFR File, Tab 4 at 11, the Board may not adjudicate whether an agency's adverse action premised on the suspension or revocation of a security clearance constitutes impermissible

discrimination. *Putnam v. Department of Homeland Security*, [121 M.S.P.R. 532](#), ¶ 18 (2014).

¶4        The appellant's arguments on review which he did not have the opportunity to assert previously also do not warrant disturbing the initial decision. First, the appellant claims that the administrative judge was biased against him due to improper consideration of information about his "demeanor." PFR File, Tab 4 at 12-13, 19-20. This argument fails because not only is his allegation unsupported by any evidence, but an administrative judge's bias must be demonstrated by extrajudicial conduct, rather than conduct arising in the administrative proceedings as alleged by the appellant. *Gensburg v. Department of Veterans Affairs*, [85 M.S.P.R. 198](#), ¶¶ 6, 8 (2000). Second, contrary to the appellant's argument, we find no inconsistency between the agency's maximization of telework during the COVID-19 pandemic and the deciding official's testimony that employees performed classified work during the pandemic. PFR File, Tab 4 at 17. Lastly, the appellant raises an inconsistency between a security specialist's hearing testimony and her affidavit. *Id.* The inconsistency was minor and immaterial to the ultimate issues in the case, providing no grounds to disturb the initial decision. *See Lucas v. Department of the Army*, [11 M.S.P.R. 334](#), 337 (1982). Further, to the extent the appellant raised this inconsistency in order to support a harmful error claim, his claim fails because he did not show that the agency violated its procedures.[2] *Hylick*, [85 M.S.P.R. 145](#), ¶ 13.

---

[2] The appellant argued below and on review that, while he was on administrative leave prior to his indefinite suspension, he did not receive emails sent to all agency employees regarding voluntary early retirement. IAF, Tab 1 at 5, Tab 27 at 57-60, 91; PFR File, Tab 4 at 11. The Board has jurisdiction to hear an appeal of an employing agency's "administrative action or order" affecting an individual's rights or interests under the retirement statutes. *Adams v. Department of Defense*, [688 F.3d 1330](#), 1335 (Fed. Cir. 2012). Other than his nonreceipt of emails while he was on administrative leave, the appellant has not pointed to any agency action denying his application for early retirement or otherwise finding him ineligible for such a benefit. Because there was no "administrative action or order" affecting the appellant's rights or interests

# NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

under a retirement statute, the Board lacks jurisdiction over the claim. *Eller v. Office of Personnel Management*, 121 M.S.P.R. 551, ¶ 8 (2014) (stating that the Board has jurisdiction over an "administrative action or order" affecting an individual's rights or interests under the retirement statutes); *see Edwards v. Office of Personnel Management*, 11 M.S.P.R. 562, 565 n.1 (1982) (finding the Board lacked jurisdiction over a claim by an appellant covered under the Civil Service Retirement System (CSRS) that he was entitled to a refund of retirement deductions when he did not apply for a refund and there was no decision on the matter); *Pair v. Government of the District of Columbia*, 7 M.S.P.R. 175, 176 (1981) (finding there was no administrative action or order appealable to the Board when the appellant, covered under CSRS, proffered no evidence that she submitted a retirement application or that her claim for an annuity was adjudicated); 5 C.F.R. § 1201.3(a)(2). If the appellant wishes to pursue a claim of his entitlement to early retirement, he must first obtain a decision regarding his entitlement from the agency. The appellant also asserted in his initial appeal that he was excluded from offers of early retirement as possible whistleblower retaliation. IAF, Tab 1 at 5. If the appellant wishes to pursue a whistleblower reprisal claim, he may seek corrective action from the Office of Special Counsel. *See* 5 U.S.C. § 1214(a)(3).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.