NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES DERECK ADAMS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1678

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-18-0288-I-1.

-------------------------------------------------

**CHARLES DERECK ADAMS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1698

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-18-0288-I-1.

---

Before DYK, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

# **O R D E R**

In response to the court's order to show cause, the Merit Systems Protection Board ("Board") urges the court to assert jurisdiction and summarily affirm the Board's final decision. Charles Dereck Adams urges the court to assert jurisdiction and opposes summary affirmance.

Mr. Adams served as an Information Technology Specialist with the Missile Defense Agency of the Department of Defense. His position required him to have and maintain a Top-Secret security clearance. In 2010, Mr. Adams' security clearance was revoked, resulting in his removal. He appealed his removal to the Board, which concluded that it lacked jurisdiction to review the merits of the agency's decision to remove Mr. Adams for failure to maintain the required security clearance. We later affirmed the ruling with respect to the removal. *See Adams v. Dep't of Def.*, 688 F.3d 1330, 1336 (Fed. Cir. 2012).

In 2018, Mr. Adams filed the underlying appeal challenging rulings made in the adjudication of his security clearance. The Board dismissed the appeal on the ground that it lacks jurisdiction over an agency's security clearance process or its determinations. Mr. Adams then filed these petitions for review.[1] Because Mr. Adams' filings indicate that he raised a discrimination claim before the

---

[1] In the same decision, the Board joined this underlying proceeding with another (DC-3443-18-0287-I-1). Mr. Adams' petition for judicial review of that matter is separately docketed at this court as Appeal No. 2023-1676, and we do not address that matter in this order.

Board and wishes to continue to pursue that claim, we directed the parties to address our jurisdiction.

Under 28 U.S.C. § 1295(a)(9), this court has jurisdiction to review a final order or final decision of the Board except in "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702." 5 U.S.C. § 7703(b)(1)(A), (b)(2). Although under *Perry v. Merit Systems Protection Board*, 582 U.S. 420, 431–32 (2017), we must ordinarily transfer so-called mixed cases to federal district court even when the Board dismisses for lack of jurisdiction, such cases must involve (1) a non-frivolous allegation of "an action which the employee . . . may appeal to the" Board and (2) "that a basis for the action was [covered] discrimination." 5 U.S.C. § 7702(a)(1); *see Perry*, 582 U.S. at 431.

We recently noted in several of Mr. Adams' other cases that an appeal to the Board in which discrimination is asserted does not constitute a "[c]ase[] of discrimination" where the petitioner fails to raise a non-frivolous allegation of Board jurisdiction over revocation of a security clearance. *Adams v. Merit Sys. Prot. Bd.*, Nos. 2023-1212 et al., 2023 WL 3493689, at *1 (Fed. Cir. May 17, 2023) (first citing *Dep't of Navy v. Egan*, 484 U.S. 518, 530 (1988); and then citing *Hesse v. Dep't of State*, 217 F.3d 1372, 1376–77 (Fed. Cir. 2000)). Because it was also clearly correct for the Board to dismiss such an appeal for lack of jurisdiction, we summarily affirmed. *Id.* at *2.

We agree with the Board that the same result is warranted in this matter. As in his prior appeals, Mr. Adams' challenge to the agency's revocation of his security clearance here does not allege that he was affected by an action appealable to the Board. Hence, this is not a "[c]ase[] of discrimination" that belongs in district court. Summary affirmance is likewise appropriate here since there is no non-frivolous basis for the assertion of Board jurisdiction. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (finding summary affirmance appropriate where "no

substantial question regarding the outcome of the appeal exists." (citation omitted)).[2]

Accordingly,

IT IS ORDERED THAT:

(1)  The decision of the Board underlying Appeal Nos. 2023-1678 and 2023-1698 is summarily affirmed, and each side shall bear its own costs for those two appeals.

(2)  Any pending motions in these appeals are denied as moot.

FOR THE COURT

October 3, 2023                          /s/ Jarrett B. Perlow
        Date                             Jarrett B. Perlow
                                         Clerk of Court

---

[2]  For the same reasons, even if this was a "[c]ase[] of discrimination" where we lacked jurisdiction, transfer under 28 U.S.C. § 1631 to a district court would not be "in the interest of justice."