NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES DERECK ADAMS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1695

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-20-0303-I-1.

---

**ON MOTION**

---

Before DYK, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

## O R D E R

In response to the court's order to show cause, the Merit Systems Protection Board ("Board") moves to dismiss. Charles Dereck Adams opposes dismissal.

This court previously affirmed the Department of Defense's decision to remove Mr. Adams from his position after his security clearance was revoked. *See Adams v. Dep't*

*of Def.*, 688 F.3d 1330, 1336 (Fed. Cir. 2012).  Years later, he filed the underlying appeal at the Board asserting that members of the agency committed an "Abuse of Power and Obstruction of Evidence[] [and] discrimination" by allegedly wrongfully removing him.  App. 29.  The administrative judge dismissed for lack of jurisdiction.  Mr. Adams filed a petition for review from that decision to the Board, but that petition was dismissed as untimely.  Mr. Adams then filed this petition for review and has indicated in his filings that he does not wish to abandon his discrimination claims.

Under 28 U.S.C. § 1295(a)(9), this court has jurisdiction to review a final order or final decision of the Board except in "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702."  5 U.S.C. § 7703(b)(1)(A), (b)(2).  Although under *Perry v. Merit Systems Protection Board*, 582 U.S. 420, 431–32 (2017), we must ordinarily transfer so-called mixed cases to federal district court even when the Board dismisses for lack of jurisdiction, such cases must involve (1) a non-frivolous allegation of "an action which the employee . . . may appeal to the" Board and (2) "that a basis for the action was [covered] discrimination."  5 U.S.C. § 7702(a)(1); *see Perry*, 582 U.S. at 431.  We need not reach any definitive resolution as to whether this is a mixed case because we would dismiss regardless of how we would answer that question.

If we were to look at Mr. Adams' allegations before the Board as naked allegations of "abuse of power" and "obstruction of justice," divorced from any personnel action plausibly appealable to the Board, we would conclude that this is not a mixed case but that dismissal is still appropriate because Mr. Adams has failed to allege that he was affected by an action appealable to the Board.  *See, e.g.,* 5 U.S.C. § 7512 ("Actions covered").  We would reach the same outcome if we were to alternatively take the view that Mr. Adams was attempting to relitigate his prior removal, rendering this a mixed case, as it would not be in the

interest of justice to transfer such a frivolous challenge that was adjudicated more than a decade ago.

Accordingly,

IT IS ORDERED THAT:

(1) The Board's motion is granted. This case is dismissed.

(2) Any pending motions are denied as moot.

(3) Each side shall bear its own costs.

FOR THE COURT

October 3, 2023                                    /s/ Jarrett B. Perlow
        Date                                              Jarrett B. Perlow
                                                          Clerk of Court