## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTINE A. RYBA,
                Appellant,

v.

DEPARTMENT OF THE ARMY,
                Agency.

DOCKET NUMBER
PH-3443-18-0377-I-1

DATE:  November 16, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Christine A. Ryba</u>, Moorestown, New Jersey, pro se.

<u>Jessica N. Cone</u>, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal challenging the agency's denial of her request for retirement under the Voluntary Early Retirement Authority (VERA).  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the finding of the initial decision that the Board lacks

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

jurisdiction over this appeal, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The appellant was employed by the U.S. Army Corps of Engineers as a GS-13 Project Manager in Philadelphia, Pennsylvania. Initial Appeal File (IAF), Tab 1 at 1. In a memorandum dated April 12, 2018, the Deputy District Commander, Philadelphia District, inquired amongst employees within the district as to their interest and availability for VERA and/or Voluntary Separation Incentive Pay (VSIP). *Id*. at 7-9. The Deputy District Commander stated that participation in the VERA/VSIP program was not an employee entitlement and an expression of interest in the program did not guarantee acceptance. *Id*. at 8. He further stated that he would determine the positions applicable to the allocations and the agency's final determination would be "based on mission and organizational needs." *Id*. The appellant asserted that she submitted a VERA application. PFR File, Tab 1 at 5. On or around May 3, 2018, she claims that an individual identified as a senior civilian informed her that her VERA application had been denied based on purported "workload concerns." IAF, Tab 1 at 5.

¶3 The appellant appealed the agency's decision to the Board and did not request a hearing. *Id*. at 2, 5. The administrative judge advised the appellant that the Board may not have jurisdiction over the appeal and of certain limited exceptions to the general rule that the Board may not address matters over which it otherwise lacks jurisdiction. IAF, Tab 2 at 2-3. The administrative judge ordered the appellant to file evidence and argument showing that her appeal is within the Board's jurisdiction, *id*., to which the appellant did not respond. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 4 at 4. Based on the written record, the administrative judge dismissed the appeal, finding that the Board lacked jurisdiction to hear appeals from voluntary agency programs, such as the VERA, and the appellant had identified no section under

the Civil Service Retirement System (CSRS) or Federal Employees Retirement System (FERS) that entitles her to participate in the VERA program.  IAF, Tab 5, Initial Decision (ID) at 3.

¶4    The appellant has filed a petition for review.  PFR File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The appellant argues that a voluntary early retirement denial may be appealable to the Board as an administrative action or order affecting her rights or interests under the CSRS or FERS.[2]  Petition for Review (PFR) File, Tab 1 at 2; *see* 5 U.S.C. §§ 8347(d)(1), 8461(e)(1).  We agree.  *See Adams v. Department of Defense*, 688 F.3d 1330, 1335–36 (Fed. Cir. 2012) (finding that the appeal of an adverse VERA ruling is within the jurisdiction of the Board); *Dawson v. Department of Agriculture*, 121 M.S.P.R. 495, ¶ 16 (2014) (same).

¶6    Ordinarily, such an appeal is from a decision from the Office of Personnel Management (OPM) or an agency that received delegated authority from OPM.[3]  *Dawson*, 121 M.S.P.R. 495, ¶¶ 16-17.  Here, however, it appears that the agency could approve or deny early retirement applications pursuant to 5 U.S.C. § 9902(f), under which the Secretary of Defense has statutory authority to establish a VERA to be administered according to regulations established by the Secretary.  *See* Department of Defense Instruction (DoDI) No. 1400.25, Vol. 1702, Encl. 3, ¶ 4 (June 13, 2008), https://www.esd.whs.mil/Portals/54/ Documents/DD/issuances/140025/1400.25-V1702.pdf.

---

[2] To the extent that the appellant intended to seek review of an Office of Personnel Management (OPM) regulation, she may file a separate appeal in accordance with the requirements set forth at 5 C.F.R. part 1203.

[3] Generally, an agency must request a VERA from OPM and provide specific information in support of its request.  5 C.F.R. §§ 831.114, 842.213.  Once OPM approves a VERA, an employee who falls within the scope of the VERA's coverage and who meets the age, service, and other requirements prescribed by statute and OPM regulation is entitled to an immediate annuity.  5 U.S.C. §§ 8336(d), 8414(b); 5 C.F.R. §§ 831.114(k), 842.213(k).

¶7        Under 5 U.S.C. § 9902(f)(4), "[a]n employee who is at least 50 years of age and has completed 20 years of service, or has at least 25 years of service, may . . . apply and be retired from the Department of Defense and receive benefits in accordance with chapter 83 or 84 . . . . " DoDI No. 1400.25 provides that a Department of Defense installation using VERA has discretion in "determin[ing] and publiciz[ing] the maximum number of locally authorized VERA approvals and the anticipated multiple windows of opportunity required."

¶8        The appellant asserts that there was no basis for the agency's denial of her request for retirement under the VERA, given her purported eligibility, her supervisor's support, and the nonexistent competition.  PFR File, Tab 1 at 4-8. She further asserts that the agency's denial was not in accord with the procedural requirements set forth in DoDI No. 1400.25.  *Id*. at 3-5.  Such a denial would significantly affect her rights or interests under 5 U.S.C. §§ 8347(d)(1), 8461(e)(1), and thus may be an appealable "administrative action" within the Board's jurisdiction.  The record does not, however, include any written application by the appellant or written denial by the agency.

¶9        Thus, the record is not sufficiently developed for the Board to determine whether the appellant has established jurisdiction over this appeal.  Moreover, the appellant did not receive explicit information on what is required to establish an appealable jurisdictional issue in this type of case.  *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).

¶10        On remand, the administrative judge shall notify the appellant of how to establish Board jurisdiction over an appeal seeking retirement benefits under the VERA and afford the parties an opportunity to submit evidence and argument on the issue.  *See Adams*, 688 F.3d at 1335; *Dawson*, 121 M.S.P.R. 495, ¶ 16. Should the appellant establish that her appeal is within the Board's jurisdiction, the administrative judge shall adjudicate the merits of the appellant's appeal, as well as her harmful error and prohibited personnel practice claims.  *See* PFR File, Tab 1 at 5.

¶11 We note that the appellant failed to respond to the administrative judge's jurisdictional order in the proceedings below. PFR File, Tab 1 at 1. The appellant attributes her failure to respond to the fact that she did not receive any case-related filings, with the exception of the initial decision, which was mailed to her home address on August 22, 2018. *Id*. She observes that, when she contacted the Board's regional office on August 23, 2018, an unidentified employee informed her that all case-related filings had been sent to the email address that she provided in her initial appeal. *Id*. at 1-2.

¶12 A review of the record shows that the appellant may not have been alerted to case-related filings because it appears she misspelled her email address in her initial appeal. IAF, Tab 1 at 1 (showing an email domain of "usace.amy.mil" rather than "usace.army.mil"). Although the appellant may have been responsible for this error, we nevertheless review the arguments she raises on review because they implicate the Board's jurisdiction, an issue that is always before the Board. *See Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 19 n.12 (2016).

## ORDER

¶13 For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:      Jennifer Everling

_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.