NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES DERECK ADAMS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1680

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-20-0832-I-1.

---

## ON MOTION

---

Before DYK, BRYSON, and TARANTO, *Circuit Judges.*

PER CURIAM.

### O R D E R

In response to the court's order to show cause, the Merit Systems Protection Board ("Board") moves to summarily affirm. Charles Dereck Adams opposes.

This court previously affirmed Mr. Adams' removal from the Department of Defense more than a decade ago after his security clearance was revoked. *See Adams v.*

*Dep't of Def.*, 688 F.3d 1330, 1336 (Fed. Cir. 2012).  He subsequently filed this appeal at the Board asserting officials of his former employing agency aided and abetted discrimination and requesting reinstatement to a job "wrongfully taken" from him.  ECF No. 7 at 6.  The Board dismissed the appeal for lack of jurisdiction.  Because Mr. Adams alleged discrimination before the Board and he expressed an interest in pursuing those allegations on appeal of that dismissal, we directed the parties to address our jurisdiction.

Under 28 U.S.C. § 1295(a)(9), we have jurisdiction to review final decisions of the Board except in "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702." 5 U.S.C. § 7703(b)(1)(A), (b)(2).  Although under *Perry v. Merit Systems Protection Board*, 582 U.S. 420, 431–32 (2017), we lack jurisdiction over so-called mixed cases even when the Board dismisses for lack of jurisdiction, a mixed case is one that involves a non-frivolous allegation: (1) of "an action which the employee . . . may appeal to the" Board and (2) "that a basis for the action was [covered] discrimination."  5 U.S.C. § 7702(a)(1); *see Perry*, 582 U.S. at 431. We need not here resolve whether this is a mixed case because we would dismiss regardless of how we would answer that question.

If we were to construe Mr. Adams' allegations before the Board as allegations of discrimination, divorced from any personnel action plausibly appealable to the Board, we would conclude that this is not a mixed case, but that dismissal is appropriate.  *King v. Reid*, 59 F.3d 1215, 1217–18 (Fed. Cir. 1995) ("A claim of discrimination, standing alone, is insufficient to invoke the board's jurisdiction." (citation omitted)).  We would reach the same outcome if taking the view that Mr. Adams' attempts to relitigate his prior removal rendered this a mixed case, as it would not be in the interest of justice to transfer such a frivolous challenge that was adjudicated more than a decade ago.

Accordingly,

ADAMS v. MSPB                                                                    3

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  All pending motions are denied.

(3)  Each side shall bear its own costs.

FOR THE COURT

December 20, 2023
        Date

Jarrett B. Perlow
Clerk of Court