NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES D. ADAMS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-2087

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-23-0148-I-1.

--------------------------------------------------

**CHARLES DERECK ADAMS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-2098

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-23-0159-I-1.

-------------------------------------------------

**CHARLES DERRICK ADAMS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

———————————

2024-2099

———————————

Petition for review of the Merit Systems Protection Board in No. DC-3443-23-0188-I-1.

-------------------------------------------------

**CHARLES DERECK ADAMS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

———————————

2024-2106

———————————

Petition for review of the Merit Systems Protection Board in No. DC-3443-23-0215-I-1.

———————————

**ON MOTION**

———————————

PER CURIAM.

# O R D E R

In response to the court's order to show cause, Charles D. Adams urges this court to decide his petitions for review and moves to reform the captions and for leave to proceed *in formal pauperis*. The Merit Systems Protection Board moves to summarily affirm its decisions.

Years after this court affirmed Mr. Adams's removal from the Department of Defense following revocation of his security clearance[1], he filed these appeals at the Board, asserting that members of federal agencies committed "misconduct" by "losing or destroying relevant records and vital evidence in [a] discrimination case,"[2] "not protecting their employee from [d]iscrimination,"[3] and "knowingly and intentionally making [him] unemployable."[4]

The Board dismissed for lack of jurisdiction, concluding that Mr. Adams was not challenging personnel actions appealable to the Board and, to the extent he was attempting to file an individual right of action ("IRA") appeal, he had failed to exhaust administrative remedies at the Office of Special Counsel ("OSC"). Mr. Adams petitions for review and states that he asserted a discrimination claim before the Board and does not wish to abandon that claim.

---

[1] *See Adams v. Dep't of Def.*, 688 F.3d 1330, 1336 (Fed. Cir. 2012).

[2] Appeal No. 2024-2087, ECF No. 5 at 4; Appeal No. 2024-2098, ECF No. 5 at 4 (capitalization omitted).

[3] Appeal No. 2024-2099, ECF No. 5 at 4

[4] Appeal No. 2024-2106, ECF No. 5 at 4 (capitalization omitted).

This court has jurisdiction to review final Board decisions with one relevant exception: district courts have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703 (b)(2)—i.e., mixed cases that involve (1) a non-frivolous allegation of "an action which the employee . . . may appeal to the" Board and (2) "that a basis for the action was [covered] discrimination." 5 U.S.C. § 7702(a)(1); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420, 431 (2017). We need not definitively resolve whether Mr. Adams brought a "case[] of discrimination" here because, regardless of how we would answer that question, we would dismiss.

If Mr. Adams is only raising allegations divorced from any personnel action plausibly appealable to the Board, we would conclude that dismissal is appropriate because Mr. Adams has failed to identify any arguable basis for the Board's jurisdiction except for perhaps as a prohibited personnel practice, and he does not deny failing to first seek corrective action with OSC as required by statute.[5, 6] We would reach the same conclusion if Mr. Adams is instead trying to relitigate his prior case. It would not be in the interest of justice to transfer after Mr. Adams already fully litigated, and lost, these claims in his prior cases.

---

[5]    *See* 5 U.S.C. § 1214(a)(3) ("Except in a case in which an employee, former employee, or applicant for employment has the right to appeal directly to the Merit Systems Protection Board under any law, rule, or regulation, any such employee, former employee, or applicant shall seek corrective action from the Special Counsel before seeking corrective action from the Board.")

[6]    To the extent Mr. Adams intended to file IRA appeals, "IRA appeals . . . by definition are never 'mixed cases.'" *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1328 (Fed. Cir. 2020).

ADAMS v. MSPB                                                    5

Accordingly,

IT IS ORDERED THAT:

(1) The Board's motion is granted to the extent that the above-captioned appeals are dismissed.

(2) All remaining pending motions in the above captioned appeals are denied as moot.

(3) Each side shall bear its own costs as to each of these cases.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

November 19, 2024
Date