NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**CHARLES D. ADAMS,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

———————————

2024-2108

———————————

Petition for review of the Merit Systems Protection Board in No. DC-3443-23-0306-I-1.

———————————

**ON MOTION**

———————————

PER CURIAM.

### O R D E R

In response to the court's order to show cause, Charles D. Adams urges the court to decide his petition for review and moves to reform the caption and for leave to proceed *in forma paperis*. The Department of Defense urges dismissal or, in the alternative, transfer.

Years after this court affirmed Mr. Adams's removal from the Department of Defense after revocation of his

security clearance,[1] he filed this appeal at the Merit Systems Protection Board, asserting that members of the Missile Defense Agency committed "misconduct" and "wrongfully and discriminatorily terminated" him.[2] The Board dismissed the appeal as barred by res judicata.

We have jurisdiction to review final decisions from the Board, except in "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. §§ 7703(b)(2), (b)(1)(A). Those so-called mixed cases, which involve appeals to the Board and allegations of covered discrimination, 5 U.S.C. § 7702(a)(1), instead belong in district court. 5 U.S.C. § 7703(b)(2); *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 432 (2017). When this court lacks jurisdiction, we can transfer to another court where the case "could have been brought at the time it was filed," but only if transfer is "in the interest of justice." 28 U.S.C. § 1631.

The Department contends that transfer of this mixed case would not be in the interest of justice, and we agree. Mr. Adams has already fully litigated, and lost, his challenge to his removal, including his arguments concerning discrimination. *See Adams*, 688 F.3d at 1334 (noting neither the courts nor the Board have authority to review the allegation that retaliation and discrimination were the reasons for termination following revocation of the requisite security clearance). Under such circumstances, dismissal, not transfer, is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

---

[1]    *See Adams v. Dep't of Def.*, 688 F.3d 1330, 1336 (Fed. Cir. 2012).

[2]    ECF No. 5 at 5

ADAMS v. DEFENSE                                                        3

    (2)  All pending motions are denied as moot.

    (3)  Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

<u>November 19, 2024</u>
      Date