NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES DERECK ADAMS,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2025-1040

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-23-0563-I-1.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

In response to the court's order to show cause, Charles Dereck Adams urges the court to decide his petition for review. The Department of Defense urges summary affirmance or, in the alternative, dismissal. Mr. Adams separately moves for leave to proceed *in forma pauperis*.

Years after this court affirmed Mr. Adams's removal from the Department of Defense following revocation of his

security clearance[1], he filed this appeal at the Merit Systems Protection Board, asserting that members of federal agencies committed "misconduct" by "requesting 2 random Pentagon drug tests within 3 months," ECF No. 9 at 6 (some capitalization omitted), "and for not intervening and protecting their employee from discrimination" "[a]nd their actions directly resulted in him being wrongfully and discriminatorily terminated for the color of his skin," ECF No. 5 at 8 (capitalization omitted).

The Board dismissed the appeal, concluding that it lacked jurisdiction over Mr. Adams's claim of misconduct and discrimination relating to drug testing and that any allegation that Mr. Adams was unlawfully removed from federal employment following his security clearance was barred by res judicata. Mr. Adams petitions for review and states that he asserted a discrimination claim before the Board and does not wish to abandon that claim.

This court has jurisdiction to review final Board decisions with one relevant exception: district courts have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703 (b)(2)—i.e., mixed cases that involve (1) a non-frivolous allegation of "an action which the employee . . . may appeal to the" Board and (2) "that a basis for the action was [covered] discrimination." 5 U.S.C. § 7702(a)(1); *see Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 431 (2017). We need not definitively resolve whether Mr. Adams brought a "[c]ase[] of discrimination" here because, regardless of how we would answer that question, we would dismiss.

If we were to look at Mr. Adams's allegations before the Board as allegations of "misconduct" associated with drug

---

[1]     *See Adams v. Dep't of Def.*, 688 F.3d 1330, 1336 (Fed. Cir. 2012).

testing or a vague failure to protect, divorced from any personnel action plausibly appealable to the Board, we would conclude that this is not a mixed case and that dismissal is appropriate because Mr. Adams has failed to non-frivolously allege that he was affected by an action appealable to the Board. *See, e.g.*, 5 U.S.C. § 7512 ("Actions covered"). We would reach the same outcome if we were to alternatively take the view that Mr. Adams was attempting to re-litigate his prior removal on the basis of alleged discrimination, rendering this a mixed case, as it would not be in the interests of justice to transfer such a frivolous challenge that was finally adjudicated more than a decade ago.

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  All pending motions are denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

January 14, 2025
Date