NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**CHARLES DERECK ADAMS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2025-1043

_____

Petition for review of the Merit Systems Protection Board in No. DC-3443-23-0577-I-1.

_____

**ON MOTION**

_____

PER CURIAM.

### O R D E R

In response to the court's order to show cause, Charles Dereck Adams urges the court to decide his petition for review on the merits.  The Merit Systems Protection Board responds in favor of this court's jurisdiction and moves for summary affirmance.  Mr. Adams separately moves for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

More than a decade after this court affirmed Mr. Adams's removal from the Department of Defense (DoD) following revocation of his security clearance,[1] he filed this appeal at the Board asserting that the Department of Justice (DOJ) "fail[ed] to apply equal justice to all" by neglecting to investigate his claims that DoD engaged in "conspiracy, collusion, and making false statements" in connection with the actions leading to his removal. ECF No. 7 at 5, 7; *see also* ECF No. 5 at 5-6.

The Board dismissed Mr. Adams's appeal, concluding that an alleged failure by the DOJ to investigate others was not a personnel action over which the Board possesses jurisdiction. Moreover, to the extent Mr. Adams alleged discrimination, the Board explained that it lacked authority to adjudicate such claims in the absence of an appealable personnel action. Mr. Adams petitions for this court's review and states that he asserted a discrimination claim before the Board and does not wish to abandon that claim.

This court has jurisdiction to review final Board decisions with one relevant exception: district courts have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2)—i.e., mixed cases that involve (1) a non-frivolous allegation of "an action which the employee . . . may appeal to the" Board and (2) "that a basis for the action was [covered] discrimination." 5 U.S.C. § 7702(a)(1); *see Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 431 (2017). We need not definitively resolve whether Mr. Adams brought a "[c]ase[] of discrimination" here because, regardless of how we would answer that question, we would dismiss.

---

[1]    *See Adams v. Dep't of Def.*, 688 F.3d 1330, 1336 (Fed. Cir. 2012).

If Mr. Adams is only raising allegations that the DOJ improperly failed to investigate others, that is a claim divorced from any personnel action plausibly appealable to the Board, *see* 5 U.S.C. § 7512, and we would conclude that dismissal is appropriate because he has failed to identify any arguable basis for the Board's jurisdiction. 28 U.S.C. § 1915(e)(2)(B) (providing for dismissal at any time upon determination that an appeal is frivolous). We would reach the same conclusion if Mr. Adams is instead trying to relitigate his prior removal case. It would not be in the interest of justice to transfer after Mr. Adams already fully litigated, and lost, these claims in his prior cases.

Accordingly,

IT IS ORDERED THAT:

(1) The Board's motion is granted to the extent that this case is dismissed.

(2) All other pending motions are denied as moot.

(3) Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

January 31, 2025
Date