**Erick M. MALETTE, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY, Respondent.**

No. 03–3271.

United States Court of Appeals, Federal Circuit.

Decided: March 2, 2004.

---

1. Circuit Judge Gajarsa did not participate in the vote.

David R. Feniger, Principal Attorney, Mark A. Melnick, of Counsel Attorney, David M. Cohen, of Counsel Attorney, Department of Justice, Washington, DC, for Respondent.

Erick M. Malette, of Counsel Attorney, pro se, Fairfax Station, VA, for Petitioner.

Before MICHEL, BRYSON, and PROST, Circuit Judges.

## DECISION

PER CURIAM.

Erick M. Malette appeals from a decision of the Merit Systems Protection Board, Docket No. DC–0839–02–0802–I–1, 2003 WL 21516801, affirming a decision of the Office of Personnel Management ("OPM"), in which OPM ruled that Mr. Malette, an employee of the Internal Revenue Service ("IRS") is not eligible for relief under the Federal Erroneous Retirement Coverage Corrections Act ("FERCCA"), Pub.L. No. 106–265, §§ 2001–2401, 114 Stat. 770, 770–86 (2000) (reprinted as a note following 5 U.S.C. § 8331 (2000)). We *affirm.*

## BACKGROUND

Mr. Malette works for the IRS as a criminal investigator. Upon appointing Mr. Malette to his position on September 24, 1987, the IRS incorrectly designated him for retirement coverage under the Civil Service Retirement System ("CSRS"). Based on his prior federal service and the date he began working for the IRS, the agency should have designated him for coverage under the Federal Employees' Retirement System ("FERS"), which replaced the CSRS. On May 15, 1990, the IRS issued a Standard Form 50, Notification of Personnel Action, which changed Mr. Malette's retirement plan designation from CSRS to FERS effective October 8, 1989, and "correct[ed] [the] same item(s) on all previous actions from 09–14–87 to 09–24–89 . . . ."

Mr. Malette filed a request for relief under FERCCA with the Office of Personnel Management ("OPM") through a website that OPM established for employees pursuing FERCCA claims. FERCCA requires OPM to create a regulatory mechanism by which errors in retirement coverage can be corrected. OPM has issued

regulations pursuant to FERCCA that provide a mechanism for employees to request corrections in retirement coverage status.

OPM denied the claim on the ground that the erroneous retirement coverage determination was not in effect for more than three years after December 31, 1986, as required by FERCCA. On August 13, 2002, the IRS informed Mr. Malette by letter of OPM's decision to deny his claim. Mr. Malette appealed the decision to the Merit Systems Protection Board.

Mr. Malette alleged that the IRS failed to correct other accounts and records, such as standard retirement coverage forms 2806 and 3100, W2 statements, his TSP plan, and his Social Security records, to reflect the change in his retirement plan from CSRS to FERS. Mr. Malette asserted that those errors constitute retirement coverage errors under FERCCA, and that because they were not corrected within three years, he is entitled to relief under the statute and the OPM regulations.

The administrative judge concluded that the qualifying retirement coverage error was the IRS's initial placement of Mr. Malette in CSRS, and that the IRS corrected that error with the May 15, 1990, Form 50, which constituted the official notification of the change in Mr. Malette's retirement coverage from CSRS to FERS. The administrative judge further concluded that the additional errors alleged by Mr. Malette, in particular the failure to correct other accounts and records, did not constitute qualifying retirement coverage errors. Since the May 15, 1990, Form 50 was issued within the three-year window provided by FERCCA, the administrative judge determined that Mr. Malette was not entitled to relief. Mr. Malette appealed the administrative judge's decision to the full Board, which denied his request. Mr. Malette then took this appeal.

## DISCUSSION

FERCCA "addresses the problems created when employees are in the wrong retirement plan for an extended period." 5 C.F.R. § 839.101(a). An employee can seek relief under FERCCA if that employee experienced a qualifying retirement coverage error. A "qualifying retirement coverage error" is "an erroneous decision by an employee or agent of the Government as to whether Government service is CSRS covered, CSRS Offset covered, FERS covered, or Social Security–Only covered that remained in effect for at least 3 years of service after December 31, 1986...." 5 C.F.R. § 839.102. FERCCA applies, for example, to a government employee who should have been covered under FERS but was erroneously covered under CSRS as a result of a qualifying retirement coverage error. FERCCA § 2101(a). If an employee has been the subject of a qualifying retirement coverage error under FERRCA, he may be entitled to various forms of relief including a choice of retirement plans. *See* FERCCA § 2101; 5 C.F.R. § 839.101(b).

Mr. Malette argues that he is eligible for relief under FERCCA because he has felt the effects of his improper placement in CSRS beyond the three-year window. In particular, he alleges that the IRS's failure to see that all of his accounts and records were properly updated within three years of his improper placement into CSRS resulted in retirement coverage errors that lasted for more than three years. However, administrative oversights that result in records that do not accurately reflect an employee's retirement account do not constitute qualified retirement coverage errors as that term is defined in FERCCA and the implementing regulations. Rather, a qualified retirement coverage error occurs only when an employee is placed in

the wrong retirement plan and remains in the wrong plan for more than three years. 5 C.F.R. § 839.101(b) ("Generally, you must be in the wrong retirement plan for at least 3 years of service after December 31, 1986, before the FERCCA applies to you."). Thus, FERCCA applies to incorrect retirement plan determinations, rather than to the administrative corrections that necessarily follow from a change in retirement coverage. *See* FERCCA § 2002(17) ("The term 'retirement coverage error' means an erroneous retirement coverage determination that was in effect for a minimum period of 3 years of service after December 31, 1986."); FERCCA § 2002(16) ("The term 'retirement coverage determination' means a determination by an employee or agent of the Government as to whether a particular type of Government service is CSRS covered, CSRS–Offset covered, FERS covered, or Social Security–Only covered.").

■ In this case, the retirement coverage error was the IRS's error in placing Mr. Malette in CSRS rather than in FERS. Mr. Malette did not remain in the wrong retirement plan for more than three years, however. Instead, as reflected on the May 15, 1990, Form 50, the IRS corrected the error and placed Mr. Malette in the FERS retirement plan. Although some of Mr. Malette's accounts and records may have inaccurately reported his retirement coverage and failed to reflect an accurate accounting of his retirement credits for a period longer than three years, the Form 50 established that the IRS placed Mr. Malette in the correct retirement plan before the three years had expired.

Mr. Malette complains that the Board improperly relied on the Form 50, rather than the other records Mr. Malette presented, to conclude that the IRS corrected the retirement coverage error. Form 50, however, is the very type of document that the regulations provide will establish the nature of an employee's retirement coverage. *See* 5 C.F.R. § 839.102 ("Retirement coverage is shown on the Notification of Personnel Action (Standard Form 50) or other similar record of personnel actions."). Therefore, the May 15, 1990, Form 50 was substantial evidence from which the Board could conclude that the IRS corrected the retirement coverage error before three years had expired.

■ Mr. Malette contends that the Board improperly placed the burden of proving a retirement coverage error on him. Mr. Malette would place the burden of proving the correction of the retirement coverage error on the government, since the government made the error and has better access to the proof than Mr. Malette. However, "[i]n appeals from reconsideration decisions of the Office of Personnel Management involving retirement benefits, if the appellant filed the application, the appellant has the burden of proving, by a preponderance of the evidence, entitlement to the benefits." 5 C.F.R. § 1201.56. OPM made the decision to deny Mr. Malette relief under FERCCA. Because Mr. Malette appealed to the Board from a decision of OPM, he bore the burden of proving entitlement to the benefits of FERCCA.

■ Mr. Malette also contends that the Board improperly refused to allow him to present the testimony of his witnesses and did not allow him to subpoena OPM and Social Security Administration records. However, in light of the Board's legal analysis of his FERCCA claim, with which we agree, the evidence to which he points would not have been relevant. It was therefore not an abuse of discretion for the Board to decline to entertain that evidence or conduct a hearing in this case. Because the Board correctly concluded that the re-

tirement coverage error, as opposed to errors in the records reflecting his service and retirement credits, was resolved within three years of the beginning date of his employment, the Board properly held that Mr. Malette was not entitled to relief under FERCCA.