## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANN ELIZABETH PENNINGTON,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE TREASURY,
　　　　　Agency.

DOCKET NUMBER
AT-3443-24-0828-I-1

DATE: February 19, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ann Elizabeth Pennington, Denver, Colorado, pro se.

Amy Morelli, Esquire, and Jessica Rice, Esquire, Atlanta, Georgia, for the
　agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which
dismissed for lack of jurisdiction her appeal contending that she should not have
to repay the debt caused by the underpayment of retirement plan contributions as
a result of the agency's error in placing her in the Federal Employees' Retirement
System-Revised Annuity Employee retirement plan, rather the Federal
Employees' Retirement System-Further Revised Annuity Employee retirement

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

plan.[2]  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

The Board has jurisdiction to review adverse retirement decisions under 5 U.S.C. § 8461(e)(1), which states "an administrative action or order affecting the rights or interests of an individual or of the United States under the provisions of this chapter administered by the Office [of Personnel Management (OPM)] may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board."  Ordinarily, such an appeal is from an OPM decision. *Dawson v. Department of Agriculture*, 121 M.S.P.R. 495, ¶ 16 (2014); *see Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 16 (2014) (explaining

---

[2] Because the administrative judge properly found that the Board lacks jurisdiction in this appeal, the Board will not consider the appellant's age discrimination claim, which she appears to raise for the first time on review.  *See Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012) (explaining that absent an otherwise appealable action, discrimination claims or other allegations of prohibited personnel practices under 5 U.S.C. § 2302(b) do not provide an independent basis for Board jurisdiction); *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (explaining that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

that OPM is the agency with primary statutory authority to adjudicate Federal Employees' Retirement System (FERS) annuity cases); 5 C.F.R. § 841.308. However, an adverse retirement decision of an employing agency may be "an administrative action or order" within the Board's jurisdiction under certain circumstances, for example, when an agency decides not to grant an employee's request for the FERS early retirement benefit under the Voluntary Early Retirement Authority (VERA), *Dawson*, 121 M.S.P.R. 495, ¶ 16 (citing *Adams v. Department of Defense*, 688 F.3d 1330, 1335-36 (Fed. Cir. 2012)), or a denies an employee enhanced law enforcement officer (LEO) credit under FERS and the Civil Service Retirement System (CSRS), *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 11 (2012). Here, there is no indication that OPM issued a final or reconsideration decision in this matter or that the matter was even raised with OPM; nor has the appellant alleged that the agency denied her a retirement benefit or any other facts that could establish Board jurisdiction over this appeal.[3]

---

[3] We have considered whether the Board could exercise jurisdiction over this appeal pursuant to the Federal Erroneous Retirement Coverage Correction Act (FERCCA), 5 U.S.C. § 8331, *see* 5 C.F.R. § 839.1302, but find that the appellant failed to state a claim for which relief can be granted. Generally, FERCCA provides for the correction and redress of a "qualifying retirement coverage error," which is defined as an erroneous decision by an employee or agent of the Government as to whether Government service is Federal Employees' Retirement System (FERS) covered, Civil Service Retirement System (CSRS) covered, CSRS Offset covered, or Social Security-Only covered that remained in effect for at least 3 years of service after December 31, 1986. *See Malette v. Department of the Treasury*, 89 F. App'x 695, 697 (Fed. Cir. 2004); *Nasdahl v. Department of Veterans Affairs*, 119 M.S.P.R. 283, ¶ 4 (2013); *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 13; *Johnson v. Office of Personnel Management*, 102 M.S.P.R. 589, ¶ 16 n.2 (2006); 5 C.F.R. §§ 839.101(a) and 839.102. However, because the appellant has not claimed that the agency placed her in the wrong retirement system, as the Federal Employees' Retirement System-Revised Annuity Employee retirement plan and the Federal Employees' Retirement System-Further Revised Annuity Employee retirement plan are different subcomponents of the same retirement system (FERS), she has not claimed that she suffered from a "qualifying retirement coverage error" as defined by FERCCA's applicable regulations, and relief under that statute is not available to her. Nevertheless, the appellant may not be without recourse due to the disposition of this Board appeal. An agency is generally entitled to collect the correct amount of employee FERS contributions that should have been deducted from the employee's basic pay but were not. *See* 5 C.F.R § 841.505.

Rather, the appellant is contesting the agency's collection of the debt caused by the incorrect retirement contributions.[4]

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

Any portion of the payment that should have been deducted, but was not, from employee basic pay constitutes an overpayment of pay, subject to collection by the agency from the employee, unless waived under an applicable authority. 5 C.F.R § 841.505(d). Here, the appellant has indicated that the agency is currently considering her request for a waiver of any debt arising from this issue. Petition for Review File, Tabs 7-8.

[4] The appellant's requests for months-long extensions of time, Petition for Review File, Tabs 7-8, are denied as the appellant has not explained the reasons for such a lengthy extension.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.